# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DAMAR BROWN, | ) | Case No. 4:17 CV 1995 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| KENNETH KOUNTZ, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

This matter appears before the Court on Defendants' Motion to Dismiss (Doc. #18) and Plaintiff's Response in Opposition to the Motion. Plaintiff's Motion for Relief of Claim (Doc. # 4) and Motion to Supplement (Doc. #6) are also pending. The Court has reviewed the pleadings, motions, responses, and applicable law. For the reasons stated herein, Defendants' Motion to Dismiss (Doc. #18) is GRANTED. Plaintiff's Motion to Supplement (Doc. #6) and Motion for Relief of Claim (Doc. #4) are DENIED AS MOOT.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Paul Damar Brown ("Brown"), states that this matter deals with the same facts involved in a lawsuit he previously filed against Governor John R. Kasich, Sheriff Jerry Greene, and the Mahoning County Justice Center. Brown's prior suit before Judge Pearson was resolved with a February 28, 2017 Memorandum Opinion and Order dismissing the matter pursuant to 28

U.S.C. § 1915(e) for failure to state a claim. *Brown v. Kasich*, 4:16cv2284, 2017 WL 769958 (N.D. Ohio, Feb. 28, 2017).

Herein, Brown alleges the same cause of action against different defendants: Warden Kenneth Kountz ("Kountz"), the Mahoning County Justice Center, Sergeant Starr, Lieutenant Dugan, Deputy Staff Milano, Deputy Brooks, and Deputy Huff (collectively "Mahoning County Jail Defendants"). Brown states that he is filing suit against the Mahoning County Jail Defendants in their official capacity. Doc. #1, p. 3, 10-11. Brown presents a multitude of objections to conditions in the Mahoning County Jail alleged to be the responsibility of the Mahoning County Jail Defendants and to violate Brown's Fourteenth Amendment "due process liberty interest," his "equal protection rights," and his "First Amendment" rights. Doc. #1, p. 7-8, 11. The subject matter of the current Complaint is substantively identical to that presented in 2016 before Judge Pearson:

| Current Complaint | 2016 Complaint |
|---|---|
| 1. Medical standards are below the standards required by law; | 1. Medical standards are below the standards required by law. |
| 2. There is no grievance procedure; | 2. There is no grievance procedure. |
| 3. Recreation and Day Room Activities are shortened/suspended so that staff can take breaks; | 3. Recreation and Day Room Activities are shortened so that staff can take breaks. |
| 4. There is no outdoor recreation; | 4. The commissary is run by a contractor who charges more than fair market value. |
| 5. The Commissary is run by a contractor who charges more than fair market value; | 5. Inmates must purchase over-the-counter medications from the commissary. |
| 6. There are no educational programs; | 6. There are no educational programs. |
| 7. There is no law library and inmates must wait two weeks for replies from students of the University of Akron Law Clinic; | 7. There is no law library. Inmates must wait two weeks for replies from students at the University of Akron Law Clinic. |
| 8. Personal mail is read and photos are confiscated by staff; | 8. Mail is destroyed or lost by deputies. Legal mail is lost. Personal mail is read and photos maybe confiscated. |
| 9. Legal mail is lost; | 9. When prisoners complain, Deputies retaliate by imposing early lockdown and threatening physical harm. |
| 10. When inmates complain, Deputies retaliate by imposing early lockdown and threatening physical harm; | 10. Showers, eating areas and cells are not |
| 11. Prisoners are left in their cells after threatening suicide; | |

| | |
|---|---|
| 12. Plaintiff has been threatened by deputies;<br>13. Plaintiff believes a Deputy have paid an inmate to "jump" on him;<br>14. The disciplinary procedure is not well defined or not followed by staff, and there is no appeals process;<br>15. Showers are not cleaned and are dirty and moldy;<br>16. Food service does not comply with the Ohio Department of Rehabilitation and Correction regulations because breakfast is served in a brown bag and is not "hot"; and<br>17. No fire evacuation plan has been shared with inmates;<br>18. Plaintiff's requests to change POD are denied;<br>19. Plaintiff is not allowed to be on the inmate cleaning rotation and therefore does not have access to extra commissary.<br><br>Paraphrased from Doc. #1, pages 1-46. | cleaned every day.<br>11. Food service does not comply with Ohio Department of Rehabilitation and Correction regulations.<br>   a. Breakfast and lunch are served in brown bags pushed through the slot in the cell door.<br>   b. Breakfast is not a hot meal.<br>   c. Food is not nutritionally balanced.<br>   d. Sandwiches have 1 ounce of meat when 2 ounces are required, and 2 ounces when 4 are required.<br>   e. None of the inmate food service personnel are "safe-serve certified."<br>12. The disciplinary procedure is not well defined or not followed by staff, and there is no appeals process.<br>13. No fire evacuation plan has been shared with inmates.<br>14. There are no safety boxes so that Deputies can cut down suicide attempts.<br><br>*Brown v. Kasich*, 4:16cv2284, 2017 WL 769958, *1 (N.D. Ohio, Feb. 27, 2017). |

Brown requests that the Court order the Mahoning County Defendants to comply with the Ohio Revised Code and with health and safety regulations published by the Ohio Department of Rehabilitation and Corrections. Brown specifically requests that the Mahoning County Jail Defendants be ordered to provide a law library, less expensive commissary, education programs, cleaning supplies, mail handlers, different medical and dental services, grievance procedures, outdoor recreation, additional staff, hot breakfast, and three million dollars in damages and be ordered to cease "ethnic intimidation," threats, and retaliation. Doc. #1, p. 8-9; 46. Brown sought the same relief in his prior suit.

## II. LEGAL STANDARD

Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This Court must assume the factual allegations in the

3

complaint are true and construe the complaint in the light most favorable to the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Sixth Circuit explains:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' 'Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 555, 570. A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). A complaint must rise to the level of "plausibility" by containing "more than labels and conclusions;" a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 564. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. ANALYSIS

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

Suits such as this, filed against public officials in their official capacity, "'generally represent only another way of pleading an action against an entity of which an officer is an agent' . . . an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985), (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978) and citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985)). Thus Brown, in naming the Mahoning County Jail Defendants in their official capacities, has filed suit against Mahoning County. The Mahoning County Defendants contend that the suit herein is barred by the doctrine of *res judicata* as to Mahoning County due to Judge Pearson's dismissal of Brown's 2016 suit against Sheriff Greene, who, in his official capacity also represents Mahoning County.

The doctrine of *res judicata,* as developed by the United States Supreme Court, states that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). *Res judicata* bars relitigation of every issue actually brought before the Court and every issue that should have been raised in the previous action. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-661 (6th Cir. 1990). The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar where there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id.* Both elements are present here. The claims asserted in this case are the claims asserted in 2016. The parties are the same. Brown is therefore precluded from litigating these claims a second time.

## IV. CONCLUSION

For the foregoing reasons, the Mahoning County Jail Defendants Motion to Dismiss (Doc. #18) is GRANTED. Plaintiff's Motion to Supplement his Complaint (Doc. #6) and Motion for Relief of Claim (Doc. #4) are DENIED AS MOOT.

This matter is dismissed pursuant to 28 U.S.C. § 1915(e); the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith.

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: September 27, 2018